# United States Tax Court

T.C. Memo. 2025-31

MELISSA CORRELL,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 13403-23.                          Filed April 9, 2025.

—————

Melissa Correll, pro se.

*Jeremy D. Cameron*, *Elisa M. Gonzalez*, *Derek M. Schnell*, and *Eric O. Young*, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SIEGEL, *Special Trial Judge*: Petitioner was the noncustodial parent of a minor child. Both petitioner and the custodial parent claimed the child as a dependent on their 2021 federal income tax returns.

Respondent issued a Notice of Deficiency to petitioner, disallowing, among other things, petitioner's claim of the child as a dependent because the child did not live with her for more than half of the year. The Notice also determined a penalty pursuant to section 6662(a).[1] After concessions,[2] the issues remaining before us are

—————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded the penalty as well as petitioner's head of household filing status and her claim of a different child as a dependent. Petitioner conceded that she was not eligible for the section 32(a) earned income credit.

**Served 04/09/25**

[*2] petitioner's claim of the child as a dependent and any resulting impact on her entitlement to child tax credits for him.

No facts are in dispute, and we agree with respondent.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulation of Facts and attached Exhibits are incorporated by this reference. Petitioner lived in Florida when she timely filed her Petition.

Petitioner is the mother of three children: (1) M.G.A., an adult (Child No. 1), (2) J.M.A., who was 16 during the year at issue but is now an adult (Child No. 2), and (3) A.R., who is still a minor.[3] During 2021, only A.R. lived with petitioner in Florida. The other two children lived full time in Georgia with their father.

Petitioner and her ex-husband are the parents of petitioner's older two children. Pursuant to their separation and divorce, petitioner and her ex-husband executed a settlement agreement that included arrangements for claiming their children as dependents. Under the original agreement, petitioner was entitled to claim Child No. 2 as her dependent for income tax purposes, and the father was entitled to claim Child No. 1. The agreement was updated in 2015 to reverse this arrangement: Petitioner was entitled to claim Child No. 1 as a dependent, and the father was entitled to claim Child No. 2.

Despite the revised agreement and the fact that both children lived with their father full time, for many years the parents' practice had been to follow the original agreement. For the year at issue, however, both parents claimed Child No. 2. Unbeknownst to petitioner, her ex-husband claimed Child No. 2 instead of Child No. 1 because Child No. 1 was no longer a minor.

## OPINION

In general the Commissioner's determinations in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of

---

[3] Although the Court's practice is to refer to minor children with their initials, we will refer to all of petitioner's children in this manner.

**[\*3]** proving that the determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4]

As we have observed in countless opinions, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction or credit. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Consistent with her past practice, petitioner claimed Child No. 2 as a dependent for 2021. *See* § 151(a), (c) (allowing a deduction for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year"). Section 152(a) provides the definition for a dependent, and it includes a "qualifying child." § 152(a)(1). Among other requirements, a taxpayer's "qualifying child" must have had the same principal place of abode as the taxpayer for more than one-half of the year. § 152(c)(1)(B); *see also* § 152(c)(1)–(3). Child No. 2 did not live with petitioner for more than one-half of the year, so he was not her "qualifying child."

If parents filing separate tax returns each claim a child on their return, section 152(c)(4)(B) provides tie-breaker rules to determine who can claim the child as a dependent. For example, the child is treated as the qualifying child of the parent with whom the child resided longer during the taxable year. § 152(c)(4)(B)(i). But here, there is no need to look to a tie breaker because there is no dispute that Child No. 2 lived with his father for the entire year.

Noncustodial parents may be able to claim a child as a dependent if the custodial parent (1) signs a written declaration that the custodial parent will not claim the child and (2) the declaration is attached to the noncustodial parent's return. § 152(e). Neither of those things happened here, and the agreement in effect for the year at issue specifies that the child's father was entitled to claim Child No. 2 as his dependent.

---

[4] Section 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer meets certain preliminary conditions. *See Higbee v. Commissioner*, 116 T.C. 438, 442–43 (2001). Petitioner does not contend that section 7491(a) should shift the burden here, and the record establishes that she has not satisfied that section's requirements. Consequently, petitioner bears the burden of proof as to any disputed factual issue. *See* Rule 142(a).

**[\*4]**     Similarly, because Child No. 2 was not petitioner's qualifying child for tax purposes, petitioner was not entitled to a child tax credit for him. A taxpayer may claim a child tax credit for "each qualifying child" for which a taxpayer is allowed a deduction under section 151. § 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. § 24(c)(1). Because we have determined that Child No. 2 is not petitioner's qualifying child for 2021, it follows that petitioner is not entitled to the child tax credit for him.

To reflect the foregoing,

*Decision will be entered under Rule 155.*